Argued September 3, reversed October 1, 1958

## CROW *v.* CROW

330 P. 2d 167

*Shirley J. Burgoyne* argued the cause for appellant. On the brief were Burgoyne and Burgoyne, Roseburg.

*Donald S. Kelley,* Roseburg, argued the cause and filed a brief for respondent.

SLOAN, J.

Appeal by plaintiff-appellant-husband from a decree entered in a separate maintenance suit which

awarded custody of four small children to the defendant-mother. The children are from two to seven years of age. Only the youngest is a girl. The evidence would strongly influence a court to deprive both parents of custody. The children have been forced to live a nomadic existence, as the plaintiff's whims led him to shuttle the family back and forth between Oregon, Arkansas, Texas and Oklahoma; in each instance to live in shabbily inadequate housing, scarcely constituting shelter. He complains that defendant failed to keep the children and their clothes clean and failed, equally, to maintain a well-kept household. On the other hand there is uncontradicted testimony that for several months of the period complained of he kept the family in a one-room shack without water or electricity. There is evidence of abusive conduct and very potent language directed at defendant by plaintiff in the presence of the children. There is other evidence, unnecessary to detail, of indifference to and maltreatment of the children.

The plaintiff's primary basis of appeal involves alleged immoral conduct upon the part of defendant. There is evidence tending to support this contention. By reason thereof we are told the children's well-being has and will be injuriously affected and we should reverse the trial court. This is the basic issue here to be determined. There is sufficient conflict in the testimony to warrant a conclusion that the trial court was in a far better position than we to weigh this testimony. In this instance, however, opinions expressed and comments made by the trial court deprive this record of that high degree of judicial restraint and fairness which prompts an appellate court to respect the trial court's judgment.

██ Our prime concern now, of course, is the wel-

fare of these unfortunate children. We recognize that it requires strong evidence to deprive children of the care and nuture of their mother. *Sakraida v. Sakraida,* 192 Or 217, 217 P2d 242, 233 P2d 762. In weighing the evidence submitted by this record we experience great difficulty in concluding wherein the future welfare of the children would best be served. Applying that test to the evidence, we are persuaded that the defendant's conduct has been such as to cast doubt upon her ability to care for these children. We are compelled to the view that a continuation of such conduct would injuriously affect their welfare. No cause exists requiring the recital of that evidence.

There is another factor which merits consideration and has direct bearing upon the welfare of the children and the manner of their anticipated care.

Defendant testified that if she were awarded custody she would remove all the children to the home of her parents in Texas. These children, and the defendant, have lived in the home of these grandparents on other occasion. The evidence discloses that this home contains but four rooms, including two bedrooms. In addition to the grandparents, four other children reside in this home. Such living conditions do not require comment. Defendant testifield that she would rent another house, however, and live separate from her family. It is difficult for us to accept this. There is no showing of financial ability or determination to accomplish any such desirable end. Other evidence causes us to have some doubt as to the veracity of defendant. We deem all of these factors to be highly detrimental to the best interest of the children. On the other hand there is evidence which supports a belief that the present care of the children by plaintiff is adequate.

In view of the evidence, therefore, we must reverse the decree and direct that a decree be entered in favor of the plaintiff and awarding plaintfif custody of the children. Neither party to be awarded costs.

LUSK and MCALLISTER, JJ., concur in the result.